# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1064
Lower Tribunal No. 20-130AP
_____

**Maria V. Cerda,**
Petitioner,

vs.

**City of Coral Gables, et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Lisa S. Walsh, Daryl E. Trawick and Miguel M. de la O, Judges.

David J. Winker, P.A., and David J. Winker, for petitioner.

White & Case LLP, and Raoul G. Cantero and W. Dylan Fay; John C. Lukacs, P.A., and John C. Lukacs, Sr.; Miriam S. Ramos, City Attorney, for respondents.

Before EMAS, LOGUE and SCALES, JJ.

PER CURIAM.

Maria V. Cerda petitions this Court for second-tier certiorari review of an April 15, 2021 decision of the Miami-Dade County Circuit Court. The circuit court appellate division denied Cerda's petition for writ of certiorari seeking to quash the Coral Gables City Commission's approval of the City's Historic Preservation Board's decision not to designate a certain residence as historic. Cerda lives next door to that residence, which is now eligible for demolition.

Our review on second-tier certiorari is limited to whether the circuit court afforded procedural due process and applied the correct law. Somerset Acad., Inc. v. Miami-Dade Cnty. Bd. of Cnty. Comm'rs, 314 So. 3d 597, 598 (Fla. 3d DCA 2020); City of Miami v. Cube 3585, LLC, 278 So. 3d 324, 325 (Fla. 3d DCA 2019).

In her petition to this Court, Cerda argues that the circuit court violated procedural due process: (i) by not considering an argument raised in her initial brief that, during the City's historic designation review process, the City's Mayor violated her due process rights by his *ex parte* communications to City Commissioners before a quasi-judicial hearing; and concomitantly, (ii) by not considering the due process implications of the Mayor's conduct.

The two elements of procedural due process are notice and opportunity to be heard. Keys Citizens for Responsible Gov't, Inc. v. Fla.

<u>Keys Aqueduct Auth.</u>, 795 So. 2d 940, 948 (Fla. 2001). Thus, on second-tier certiorari review, our due process inquiry is generally limited to whether the lower tribunal provided a petitioner with notice of its proceedings and an opportunity to be heard in those proceedings. Because our record reflects that the circuit court appellate division provided Cerda with procedural due process, we are compelled to deny Cerda's petition.[1]

     Petition denied.

---

[1] Our limited second-tier certiorari review does not extend to whether the Mayor's alleged *ex parte* communications deprived Cerda of due process during the administrative process.